E-FILED
Tuesday, 19 January, 2021  02:47:44 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JOSHUA GOODING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 21-3011 |
| | ) | |
| SHAWN KAHL, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

## MERIT REVIEW AND CASE MANAGEMENT ORDER

The plaintiff, proceeding *pro se*, and currently detained at Macoupin County Jail, was granted leave to proceed *in forma pauperis*.  The case is now before the court for a merit review of plaintiff's claims. The court is required by 28 U.S.C. § 1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A.

In reviewing the complaint, the court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013)(citation omitted). The court has reviewed the complaint and has also held a merit review hearing in order to give the plaintiff a chance to personally explain his claims to the court.

Plaintiff alleges that officials at Macoupin County Jail have failed to take reasonable measures to prevent the spread of Covid-19, and, as a result, he contracted the virus. Plaintiff alleges that he

is diabetic, that officials continue to house him with other Covid-positive detainees, and that he continues to suffer from Covid-like symptoms.

The Prisoner Litigation Reform Act (PLRA) requires a detainee to exhaust all available administrative remedies prior to filing suit, "even if he expects the [grievance] process will ultimately be futile." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015); 42 U.S.C. § 1997e(a). The grievance process must be completed in its entirety, including all appeals, prior to the date the plaintiff initiates the lawsuit. *Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004) (a plaintiff may not sue now and exhaust later).

Failure to exhaust is an affirmative defense to be raised and proven by defendants, but the Court can raise the issue on its own if the failure to exhaust is plain and unmistakable from the face of the complaint. *Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002). Plaintiff admits in his complaint that a grievance process was available at the facility and that he did not file a grievance on these issues because he believes the process to be inadequate or ineffective. (Doc. 1 at 4, 9). The Court finds that Plaintiff's failure to exhaust administrative remedies is plain from the face of the complaint, and any amendment would be futile. The Court will dismiss this case without prejudice to refiling it after the grievance process is complete.

**It is therefore ordered:**

1) **Plaintiff's complaint is dismissed without prejudice for failure to exhaust all available administrative remedies.**

2) **Plaintiff must still pay the full docketing fee of $350 even though his case has been dismissed.  The agency having custody of Plaintiff shall continue to make monthly payments to the Clerk of Court, as directed in the Court's prior order.**

3) **If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the**

**entry of judgment.  Fed. R. App. P. 4(a).  A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal.  See Fed. R. App. P. 24(a)(1)(C).  If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal.**

Entered this 19th day of January, 2021.

*s/Harold A. Baker*

HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE